

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                  11-MJ-556-JWF

LUIS A. RIVERA a/k/a Chanto,

          Defendant.

---

**PLEA AGREEMENT**

The defendant, LUIS A. RIVERA a/k/a Chanto, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one-count Information charging a violation of Title 21, United States Code, Section 844(a) (possession of cocaine), for which the maximum possible sentence is a term of imprisonment of one (1) year, a fine of at least $1,000 but not more than $100,000, a mandatory $25 special assessment, and a term of supervised release of one (1) year. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to one (1) year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt that the defendant possessed a controlled substance and that the defendant knew that what he possessed was a controlled substance.

**FACTUAL BASIS**

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.  Between in or about December 2005 and April 7, 2006, the defendant, LUIS A. RIVERA a/k/a Chanto, possessed cocaine, a Schedule II controlled substance, in Rochester, New York, in the Western District of New York. The defendant purchased the cocaine from his supplier, Javis Lucas.

### III. SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

**BASE OFFENSE LEVEL**

6.  The government and the defendant agree that Guidelines §2D2.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

**ACCEPTANCE OF RESPONSIBILITY**

7.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 4.

**CRIMINAL HISTORY CATEGORY**

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

**GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

9.  It is the understanding of the government and the defendant that, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $1,000 to

4

$100,000, and a period of supervised release of one (1) year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

10. Pursuant to Rule 11(c)(1)(C), the government and the defendant agree that the defendant will not be sentenced pursuant to the provisions of Title 18, United States Code, Section 3607. In the event of a breach of this paragraph of this agreement, the parties will be relieved of their other obligations under this agreement and the defendant will be allowed to withdraw the plea of guilty.

11. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12. The defendant understands that, except as set forth in ¶ 10, above, the Court is not bound to accept any Sentencing Guidelines calculations or sentence recommendation by the parties and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

13. The defendant agrees to waive any defense based on the statute of limitations to the charge in the Information.

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

16. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. **APPEAL RIGHTS**

17. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is equal to or less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court which is equal to or greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the

manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

### VIII. TOTAL AGREEMENT AND AFFIRMATIONS

20. This plea agreement represents the total agreement between the defendant, LUIS A. RIVERA a/k/a Chanto, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
BRETT A. HARVEY
Assistant U.S. Attorney

Dated: May 4, 2011

I have read this agreement, which consists of ten (10) pages. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Wicks, Esq. I agree that it represents the total agreement reached between myself and the government. No promises

9

or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  _____
LUIS A. RIVERA a/k/a Chanto       JEFFREY WICKS, ESQ.
Defendant                         Attorney for the Defendant

Dated: May 4, 2011                Dated: May 4, 2011

I, James C. Boardman, hereby affirm under penalty of perjury that I am a Spanish Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, LUIS A. RIVERA a/k/a Chanto; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Jeffrey Wicks, Esq.

DATED: May 4, 2011.

_____
Interpreter